UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES

    -v-

ROBERTO CRUZ,

                      Defendant.

------------------------------------------------------------X

14 Cr. 834 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On December 18, 2014, defendant Roberto Cruz pled guilty to participating in a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Dkt. 24 ("Tr."). As the Court informed Cruz before accepting his plea, the mandatory minimum term of imprisonment for this offense is five years. Tr. 11; *see also* 21 U.S.C. § 842(b)(1)(B). On March 2, 2015, Cruz filed a motion seeking an order declaring § 841(b)(1)(B) unconstitutional on the grounds that it violates the separation of powers and Cruz's right to due process. Dkt. 30, 31 ("Def. Aff."), 32 ("Def. Br."). On March 17, 2015, the Government submitted its opposition. Dkt. 36 ("Gov. Br."). Cruz is scheduled to be sentenced on April 16, 2015.

Cruz's arguments, whatever their merits as a matter of policy, are squarely foreclosed by Second Circuit precedent. First, Cruz argues that § 841(b)(1)(B) violates the separation of powers by "usurping the Court's sentencing authority" and "unit[ing] the power of the prosecution and that of sentencing within the Executive Branch." Def. Br. 11. As the Second Circuit has explained, however, "'the scope of judicial discretion with respect to a sentence is subject to congressional control." *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir. 1989) (quoting *Mistretta v. United States*, 488 U.S. 361, 364 (1989)). And "[t]o the extent the decision to charge crimes carrying mandatory minimum sentences allows the Executive Branch to

exercise some control over a defendant's sentence, that control continues to derive from legislative decisions that are well within Congress's authority to make." *United States v. Vargas*, 204 F. App'x 92, 94 (2d Cir. 2006) (summary order) (citing *Mistretta*, 488 U.S. at 364). As such, the prosecution's authority "to choose among alternative charges" and thereby influence a defendant's ultimate sentence does not violate the separation of powers. *Huerta*, 878 F.2d at 92 (citing, *inter alia*, *United States v. Batchelder*, 442 U.S. 114, 124–25 (1979)).[1]

Second, Cruz argues that § 841(b)(1)(B) infringes on his right to due process by "prevent[ing] [him] from receiving the individualized sentencing determination to which he is constitutionally entitled." Def. Br. 14. Addressing a similar challenge to § 841(b)(1)(A), the Second Circuit recently affirmed that "'[t]here is no right to individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion so long as such constraints have a rational basis.'" *Vargas*, 204 F. App'x at 95 (quoting *Huerta*, 878 F.2d at 94). Cruz argues that mandatory minimum sentences are unwise and unjust, but he does not contend that § 841(b)(1)(B) lacks a rational basis. *See* Def. Br. 14–15. Because courts have repeatedly held that the mandatory minimum sentences for narcotics offenses established by § 841 have a rational basis, *see United States v. Riccitelli*, 184 F. App'x 126, 127 (2d Cir. 2006) (summary order) (collecting cases), application of a mandatory minimum sentence here would not violate Cruz's right to due process.[2]

---

[1] The defense's citation to *United States v. Booker*, 543 U.S. 220 (2005), is inapt. In *Booker*, the Supreme Court "reiterated a defendant's Sixth Amendment right to have critical facts increasing a defendant's sentence decided by a jury" but "did not foreshadow the end of, or cast doubt on the constitutionality of, mandatory minimum sentences." *Vargas*, 204 F. App'x at 95.

[2] The decision in *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004) is not to the contrary. There, the Court found that a mandatory minimum sentence did not apply as a matter of statutory interpretation and explicitly declined to reach the defendant's constitutional argument. *See id.* at 103–05.

Cruz's motion is therefore denied. The Clerk of Court is directed to terminate the motion pending at docket number 30.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: April 2, 2015
      New York, New York

3