# JEFFREY A. RABIN
### ATTORNEY AT LAW

16 COURT STREET - SUITE 3301
BROOKLYN, NEW YORK 11241
TELEPHONE (718) 625-2900
FAX (718) 624-3626

April 20, 2015

Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: United States v. Roberto V. Cruz**
**14-cr-00834 (PAE)**

Honorable Sir:

On April 16, 2015, Roberto Cruz appeared before Your Honor for sentencing pursuant to his previously entered guilty plea. An issue arose during the proceedings, because of my application that the sentence to be imposed run concurrent with an anticipated sentence to be imposed in Supreme Court, Queens County. Sentencing was adjourned until May 6th so that I could obtain a letter from the Office of the District Attorney, Queens County, stating its position with regard to Your Honor imposing a concurrent sentence.

I have attached a letter from Assistant District Attorney Neil F. Gitin regarding this matter, who has indicated that his office has no objection to Your Honor imposing a current sentence with the sentence to be imposed in Queens County. Pursuant to *Setser v. United States*, 132 S. Ct. 1463, 1471, 182 L.Ed. 2d 455 (2012), Your Honor has discretion to impose a concurrent sentence with an anticipated sentence to be imposed in the state court. According to the letter from A.D.A. Gitin, the plea and sentencing in Queens County will be taking place after Your Honors sentence is imposed.

In *Setser*, the Supreme Court resolved the sentencing issue on which the lower courts had, to a degree, been split when it held that a district court has the discretion, and authority, under 18 U.S.C. §3584(a) to select whether the sentence it imposes will run concurrently with, or consecutively to, an *anticipated* state sentence that has not yet been imposed. Although §3584 does not expressly cover such a situation, the *Setser* Court applied rules of statutory construction to support its interpretation of the statute. (See also, *Benitez v. United States*, 2014 U.S. Dist. Lexis 169451[S.D., Batts]; *United States v. Mulligam*, 2014 U.S. Dist. Lexis 158446 [S.D.; Buchwald]; ***Abramo v. United States***, U.S. Dist. Lexis 39144 [S.D., Pittman]).

In view of the Queens County District Attorney's Office indication that it has no objection to Your Honor imposing a concurrent sentence to the sentence to be imposed in Queens County, and the authority Your Honor has under 18 U.S.C. §3584 and *Setser v. United States* (supra), it is respectfully requested that Your Honor impose a concurrent sentence with that to be imposed in Queens County under indictment number 10322/2010.

Respectfully submitted,

JEFFREY A. RABIN
JAR/3371

JAR/hs
enc.



DISTRICT ATTORNEY
QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NY 11415-1568
(718) 286-6000

Richard A. Brown
District Attorney

April 20, 2015

Jeffrey Rabin, Esq
16 Court Street – Suite 3301
Brooklyn, NY 11241

Re: *People v Roberto CRUZ*
No: QN10322/2010

Dear Mr Rabin:

Pursuant to your request, this letter will confirm the offer in the above referenced case is as follows:

— a plea to Criminal Possession of a Controlled Substance 2nd Degree (PL §220.18(1)
-- a recommendation of a sentence of three (3) years plus two (2) years post release supervision.
— a further recommendation that the sentence run concurrent to his federal sentence, and the People have no objection for hte federal court to impose its sentence to run concurrent with the anticipated sentence to be imposed in Queens County.

I have asked the clerk in TAP-A to calendar the case for Thursday, April 23, 2015. As the federal case will be adjourned to May 6, 2015, I will keep it calendared, but ask for an adjourned date after that.

Please let me know if you require any additional information.

Very truly yours,

Neil F. Gitin
Assistant District Attorney